09-2670-cv
Williams v. NYCHA

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of October, two thousand and ten.

PRESENT:

    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
        *Circuit Judges*,
    SHIRA A. SCHEINDLIN,[*]
        *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IVY WILLIAMS,

        *Plaintiff-Appellant*,

    v.                       No. 09-2670-cv,

NEW YORK CITY HOUSING AUTHORITY and UNITED
STATES DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT,

        *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Shira A. Scheindlin, Judge of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:        Ivy Williams, *pro se*, New York, NY.

FOR APPELLEES:        Samuel Veytsman (Sonya M. Kaloyanides, General Counsel, and Donna M. Murphy, *on the brief*), New York, NY, *for Defendant-Appellee New York City Housing Authority*.

Tomoko Onozawa, Assistant United States Attorney (Preet Bharara, United States Attorney, and Ross E. Morrison, Assistant United States Attorney, *on the brief*), Office of the United States Attorney, Southern District of New York, New York, NY, *for Defendant-Appellee United States Department of Housing and Urban Development*.

Appeal from a March 29, 2009 judgment entered in the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **AFFIRMED**.

Plaintiff-Appellant Ivy Williams, *pro se*, appeals the district court's judgment granting the motion of the United States Department of Housing and Urban Development ("HUD") under Fed. R. Civ. P. 12(b)(1) and (b)(6) and the motion of the New York City Housing Authority ("NYCHA") under Fed. R. Civ. P. 12(b)(6) to dismiss her complaint, which alleged disability discrimination and retaliation under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601-3631; and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for lack of standing, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, Fed. R. Civ. P. 12(b)(6). *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). "In conducting this review, we assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). In addition, "when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe [her] pleadings liberally," *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)), and must interpret them "to raise the strongest arguments that they suggest," *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quotation marks omitted).

As with her complaint, Williams's brief is often incoherent. The best argument we are able to decipher from Williams's brief is that the District Court erred in granting the NYCHA's motion to dismiss her reasonable accommodation claims under the Rehabilitation Act, the ADA, and the FHAA because Williams's complaint alleges that (1) she was disabled, (2) the NYCHA knew of this

disability, (3) elevator problems at least occassionally prevented her from getting to her apartment, and (4) the NYCHA failed to provide her with a reasonable accommodation.

The District Court dismissed Williams's accommodation claims on the grounds that her complaint never alleged that the defendants were ever aware that Williams was being prevented from getting to her apartment on account of her disability. We think that this conclusion may have been premature at the pleadings stage. There is some evidence in the record that the NYCHA was aware of Williams's disability and of her complaints about the elevators. But even if we conclude that, contrary to the opinion of the District Court, the NYCHA was sufficiently aware of Williams's disability, Williams's reasonable accommodation claims must still be dismissed.

"To prevail on a reasonable accommodation claim, plaintiffs must first provide the governmental entity an opportunity to accommodate them through the entity's established procedures used to adjust the neutral policy in question." *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 578 (2d Cir. 2003). Relatedly, "[a] governmental entity must know what a plaintiff seeks prior to incurring liability for failing to affirmatively grant a reasonable accommodation." *Id.* at 579. While Williams has alleged that she frequently complained about the fact that the elevators in her building were often out of service, she makes no allegation about what accommodation, if any, she requested from the NYCHA, let alone whether any such accommodation was granted or denied. This failure is fatal to Williams's complaint, for we may "affirm the judgment of the district court on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Pollara v. Seymour*, 344 F.3d 265, 268 (2d Cir. 2003) (quotation marks omitted).

Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3